# UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EAT IT CORP.,<br><br>Plaintiff,<br><br>v.<br><br>KEUMKANG B & F CO., LTD,<br>KO BEVERAGE INC.,<br>JAYONE FOODS, INC, and<br>HAN PUYUNG SIK.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

**COMPLAINT**

Plaintiff, Eat It Corp. ("Plaintiff"), through its undersigned counsel, files its Complaint against the Defendants listed above and alleges as follows:

## I. THE PARTIES

1. Plaintiff, Eat It Corp., is a corporation incorporated under the laws of New York and having its principal office at 28 Villa Nova St., Staten Island, NY 10314 with its registered agent's office located at 4002 2nd Ave, Brooklyn, New York 11232.

2. Plaintiff is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of New York.

3. Upon information and belief, Defendant, Keumkang B & F Co., LTD. ("KBF"), is a corporation incorporated in the Republic of Korea and having its principal office at 291-1, Yeongpyeong-ri, Daesowon-myeon, Chungju-si, Chungcheongbuk-do, Republic of Korea.

4. Upon information and belief, Defendant, KO BEVERAGE INC. ("KO"), is a subsidiary and/or affiliate of KBF, and is incorporated in the State of New York and has a registered office at 15 East 2nd Street, Third Floor, New York, NY 10016.

5. Upon information and belief, Defendant, Jayone Foods, Inc. ("JF"), is a subsidiary and/or affiliate of KBF, and is incorporated in the State of New York and has a registered office at 7212 Alondra Blvd., Paramount, CA 90723.

6. The Defendant, Han Puyung Sik ("Sik"), is a director and agent of the Defendant KBF and upon information and belief Sik's office address is 291-1, Yeongpyeong-ri, Daesowon-myeon, Chungju-si, Chungcheongbuk-do, Republic of Korea.

## II. JURISDICTION AND VENUE

7. This action arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) for Trademark Infringement, and 15 U.S.C. §§ 1125(a) for Unfair Competition, and thus this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over the related claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over the Defendants pursuant to F.R.C.P. 4(k) and N.Y. C.P.L.R. § 302 because Defendants conducted business in, and had continuous and systematic contacts with the State of New York and this District.

9. As fully set forth herein, Defendants shipped goods to Plaintiff into New York, and Defendants' management held several meetings with Plaintiff in New York and specifically in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b), and (c) and 1400(a) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. FACTS

### A. PLAINTIFF'S BUSINESS AND TRADEMARKS

11. Plaintiff was formed on April 22, 2004 under the laws of the State of New York in Kings County and is a manufacturer, distributor, importer, and exporter of specialty consumer goods.

12. Plaintiff distributes consumer goods to grocery stores, supermarkets, gourmets, and health food outlets within a distribution network covering the entire United States, Canada, Central and Southern America, and Europe.

13. Plaintiff distributes specialty consumer goods including healthy aloe vera beverages; specifically the S Salutti®, Aloevine®, and Alovita® brands (collectively, the "Aloe Products").

14. Plaintiff is the owner of all trademark right(s), title, and interest in and to, *inter alia*, the Aloe Products.

15. On October 20, 2009, Plaintiff was granted the "S Salutti" trademark, registration number 3697463, serial number 77294784, for the words and mark "S Salutti" for "Non-alcoholic beverages, namely, fruit and vegetable juices containing aloe vera" in International Class: 032; and, "Fresh raw peeled garlic" in Class: 031, by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the trademark registration is attached hereto and marked Exhibit A.

16. On January 11, 2011, Plaintiff was granted the "Alovita" trademark by the USPTO registration number 3905220, serial number 77809384, for the word and mark "Alovita" for "Non-alcoholic beverages, namely, fruit flavored beverages containing aloe vera" in International Class: 032. A true and correct copy of the trademark registration is attached hereto and marked Exhibit

B.

17. On June 1, 2010, Plaintiff was granted the "Aloevine" trademark by the USPTO registration number 3796072, serial number 77265395, for the word and mark "Aloevine" for "Non-alcoholic beverages, namely, fruit flavored beverages containing aloe vera" in International Class: 032. A true and correct copy of the trademark registration is attached hereto and marked Exhibit C.

18. At all times, S Salutti, Alovita, and Aloevine (collectively, the "EIC Trademarks") are valid, subsisting, unrevoked, and uncancelled registered trademarks.

19. Plaintiff's brands, symbolized by the EIC Trademarks, are recognized symbols of high-quality aloe based beverages around the world.

20. Plaintiff has been using the EIC Trademarks for many years in connection with the advertising and sale of Plaintiff's Aloe Products in interstate and foreign commerce, including commerce in the State of New York and in this District.

21. The EIC Trademarks have been widely promoted, both in the United States and throughout the world and are among the world's most famous and widely-recognized trademarks for aloe products.

22. Plaintiff has spent considerable time, money, and resources building goodwill and brand recognition for Plaintiff's Aloe Products.

23. Consumers, potential consumers and other members of the public and beverage industry not only associate Plaintiff's Aloe Products with exceptional quality, taste, and distinct aloe flavor, but also recognize and expect that Plaintiff's Aloe Products sold in the U.S. originate exclusively from Plaintiff.

24. Plaintiff maintains high quality control standards for all of its Aloe Products.

**B. BUSINESS RELATIONSHIP BETWEEN PLAINTIFF AND DEFENDANTS**

25. On September 13, 2007, Plaintiff and KBF entered into a business relationship to produce Plaintiff's best-selling aloe vera beverage brands in the United States; which included licensing the "Alovita," "S Salutti," and "Aloevine" trademarks to KBF for a limited use.

26. Upon information and belief, KBF was and is a corporation incorporated in and existing under the laws of the Republic of Korea.

27. Upon information and belief, Mr. Han Puyung Sik was and is the principle owner, director, and agent of KBF since 2007.

28. Upon information and belief, Mr. Juno Moon is an agent of Defendants since 2009, who sold Defendants' products to B.C.S. International Corporation.

29. On or about 2009, KBF raised production prices of Plaintiff's Aloe Products to 110% above the market price on preexisting purchases and on future Aloe Product purchases.

30. Plaintiff rejected KBF's production price increase of Plaintiff's Aloe Products.

31. On or about February 10, 2010, KBF's principle owner, Mr. Han Puyung Sik, took a flight to New York to negotiate with Plaintiff for the continuation of their business relationship.

32. One of the topics discussed during the meeting was the costs incurred in sending defective Aloevine beverages back to Korea.

33. During the meeting(s) between Plaintiff and Mr. Han Puyung Sik, KBF accepted the return of the previously shipped but defective Aloevine beverages, pursuant to purchase order KAV2009-78, and agreed to refund all charges and costs incurred by Plaintiff.

34. Plaintiff incurred costs for shipping, storage, and broker fees to send container(s) of defective Aloevine beverages to KBF.

35. Additionally, Plaintiff incurred costs when it permanently lost the client to whom the defective Aloevine beverages were shipped.

36. During the meeting(s), Plaintiff and KBF agreed that Plaintiff would purchase from KBF the remaining inventory of Aloevine beverages that were being stored at KBF's facility in Korea.

37. KBF sent Plaintiff the entire inventory of Aloevine as agreed; however, Plaintiff found additional defects in these products.

38. Several of Plaintiff's major customers brought to Plaintiff's attention significant Aloevine beverage defects when the customers complained about the color, taste, and label issues of aloe beverages that were supplied to them by KBF.

39. Plaintiff inspected twenty seven containers produced by KBF and discovered defects concerning the change in color, taste, and label issues of the beverages that KBF supplied to Plaintiff's customers.

40. On or about April 25, 2010, Plaintiff and KBF terminated their business relationship.

41. On or about April 20, 2011, KBF filed claims in the Korean Commercial Arbitration Board Department of Arbitration Award ("KAB") in the Republic of Korea against Plaintiff.

42. On May 16, 2012, KAB rendered a final judgment on the written contract between the Plaintiff and KBF.

43. On or about October 30, 2012, the Korean arbitration panel ruled that it did not have jurisdiction over certain claims: specifically, over the claims contained in this Complaint. A

copy of the KAB's ruling and a certified translation of KAB's ruling is attached hereto and marked as Exhibit D.

44. Upon information and belief, KO and JF are subsidiaries, successors, and/or affiliates of KBF which were and/or are distributing aloe vera products using Plaintiff's trademark(s) without Plaintiff's permission or authority.

45. Since KAB's ruling in 2012 and until the date of filing of this Complaint, Defendants have willfully, intentionally, and continuously used Plaintiff's trademark(s) in interstate and foreign commerce without Plaintiff's permission. A copy of various websites evidencing Defendants' promotion and sale of products containing Plaintiff's trademark(s) is attached hereto and marked as Exhibit E.

**COUNT ONE**
**TRADEMARK INFRINGEMENT**
**Plaintiff v. All Defendants**

46. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

47. Defendants' wrongful use of the name(s): "Aloevine," "Alovita," and "S Salutti" comprises an infringement of Plaintiff's registered trademarks "Aloevine," "Alovita," and "S Salutti" and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's goods, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

48. Defendants' use of "Aloevine" throughout the course of their business(es) in order to fraudulently attract investors and to market and promote its products within the aloe beverage industry in general is deceptively and confusingly similar to Plaintiff's long-standing trademark for "Non-alcoholic beverages, namely, fruit flavored beverages containing aloe vera."

49. Defendants have improperly and knowingly used Plaintiff's trademarks in their advertising to create consumer confusion, including but not limited to Defendants' online advertisements.[1] *See* Exhibit E.

50. Defendants have caused at least two websites to exist where Defendants hold themselves out to be affiliated with Plaintiff's Aloevine trademark and brand and therefore claim to be the rightful holder of Plaintiff's trademark, and invite hopeful consumers, distributors, and/or clients to contact Defendants to purchase Aloevine. *See* Exhibit E.

51. Defendants' actions constitute infringement of Plaintiff's trademarks in their advertising, as well as misappropriation of Plaintiff's advertising ideas.

52. Defendants' use of Plaintiff's trademark(s) is without license or permission.

53. Defendants' use of the Plaintiff's trademark(s) is likely to cause, has caused, and will continue to cause, confusion among customers.

54. Defendants' actions are in violation of 15 U.S.C. §1125(a) in that Defendants used, in relation to commercial activities, trademark infringement and a false designation or origin, or a false or misleading description which is likely to cause confusion, and to cause mistake, and to deceive, as to the affiliation, connection, or association of Defendants with Plaintiff as to the origin, sponsorship or approval of Defendants' commercial activities.

55. By reason of the foregoing acts, Defendants are liable to Plaintiff for Trademark Infringement.

---

[1] *See* links to the following websites: http://biofocus.gobizkorea.com/catalog/product_view.jsp?blogId=199902988&pageNo=1&pageVol=12&listStyle=A&objId=113269 and http://w.keumkangbnf.com/product/product.php?v_num=122&cate=&iNowPage=1

WHEREFORE, Plaintiff asks this Court to enter judgments as necessary to provide Plaintiff the following requested relief against all Defendants:

a) Finding Defendants jointly and severally liable for trademark infringement;

b) Finding Defendants' infringement to be voluntary and an intentional violation of Defendants' known duties, and therefore willful;

c) Under the authority of 15 U.S.C. §§ 1117(a) and 1125, an award of Defendants' profits plus any damages sustained by Plaintiff including but not limited to attorney's fees and costs as a result of the aforementioned unlawful conduct of Defendants;

d) A temporary and permanent injunction against Defendants to immediately stop the infringement against Plaintiff's trademarks; and

e) Such and other relief as the Court deems appropriate.

**COUNT TWO**
**UNFAIR COMPETITION UNDER LANHAM ACT § 43**
**Plaintiff v. All Defendants**

56. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

57. Defendants' use of Plaintiff's trademark(s) to promote, market or sell its products or services in direct competition with Plaintiff's products and services constitutes Unfair Competition.

58. Defendants' use of Plaintiff's trademark(s) is likely to cause confusion, mistake and deception among consumers.

59. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

60. Defendants used a false or misleading representation of fact in commerce, which has or is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, by another person with Plaintiff's goods and/or trademark(s).

61. Defendants misrepresented Aloevine on various websites to third parties and to Plaintiff's existing and prospective customers.

62. Defendants misrepresented Plaintiff's intellectual property, including but not limited to claiming to own and/or have authority to distribute Plaintiff's trademark "Aloevine" on Korea Trade-Investment Promotion Agency's ("KOTRA") website.

63. Defendants misrepresented Plaintiff's intellectual property as Defendants' own property on Defendants' website. *See* Exhibit E.

64. Upon information and belief, Defendants sold at least three containers of Aloevine to Plaintiff's existing customers without Plaintiff's permission.

WHEREFORE, Plaintiff asks this Court to enter judgments as necessary to provide Plaintiff the following requested relief against Defendants:

a) Finding Defendants jointly and severally liable for unfair competition;

b) Finding Defendants' actions to be voluntary and an intentional violation of Defendants' known duties, and therefore willful;

c) Under the authority of 15 U.S.C. § 1125, an award of Defendants' profits, plus any damages sustained by Plaintiff including but not limited to costs

and attorney's fees as a result of the aforementioned unlawful conduct of Defendants;

d) For a permanent injunction enjoining Defendants from further infringement, including but not limited to the cessation of operation of Defendants' website(s); and

e) Such and other relief as the Court deems appropriate.

**<u>COUNT THREE</u>**
**TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE RELATIONSHIPS**
**Plaintiff v. All Defendants**

65. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

66. Defendants have acted improperly and without privilege.

67. Defendants have acted purposely and with malice and intent to injure Plaintiff, its current and prospective business and/or contractual relationships.

68. Defendants have induced third parties not to enter into business and/or contractual relationships with Plaintiff by offering and distributing Plaintiff's trademarked product(s) to third parties.

69. At all times relevant to this action, Defendants used Plaintiff's trademark(s) in their advertising to create confusion to Plaintiff's potential and existing customers.

70. Defendants have caused Plaintiff to suffer financial injury.

WHEREFORE, Plaintiff demands judgment against all Defendants, and each of them, jointly and severally, for:

a) An award of compensatory damages in an amount in excess of $1,000,000.00;

b) Punitive damages;

c) Awarding Plaintiff the full costs of this action, including its attorneys' fees and costs; and

d) Such and other relief as the Court deems appropriate.

**COUNT FOUR**
**BREACH OF CONTRACT**
**Plaintiff v. Keumkang B & F Co., LTD.**

71. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

72. Plaintiff and KBF entered into a written contract for KBF to, *inter alia*, distribute Plaintiff's Aloe Vera Products to Plaintiff's existing and potential customers.

73. The contract was and is binding upon KBF and was supported by adequate consideration.

74. The conduct and actions of KBF as alleged herein constitute breach(es) of the contract.

75. Plaintiff suffered monetary damages, and continues to suffer damages, as a result of KBF's conduct.

76. All conditions precedent necessary for the enforcement of the contract have been satisfied, and Plaintiff satisfied all of its obligations to KBF under the contract.

WHEREFORE, Plaintiff demands judgment against KBF for an Order:

a) Determining that KBF willfully breached the contract;

b) Entering final judgment against KBF for monetary damages, including but not limited to all amounts necessary to compensate Plaintiff for KBF's wrongful activities;

c) Awarding Plaintiff to recover the full costs of this action, including its attorneys' fees and costs; and

d) Such and other relief as the Court deems appropriate.

**COUNT FIVE**
**COMMON LAW INJURY TO BUSINESS REPUTATION**
**Plaintiff v. All Defendants**

77. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

78. Upon information and belief, Plaintiff lost at least two customers because of Defendants' misrepresentation and advertising Plaintiff's product(s) and/or trademark(s) as their own.

79. Upon information and belief, Defendants shipped misrepresented product(s) to New York, Puerto Rico, and California, among other places.

80. Defendants' wrongful use of Plaintiff's trademark(s) inures and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Defendants and its products will believe that Defendants are affiliated with or related to or have the approval of Plaintiff, and any adverse reaction by the public to Plaintiff and the quality of its products and the nature of its business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with its marks "Aloevine," "Alovita," and "S Salutti."

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for an Order:

a) Determining that Defendants' conduct was willful and intentional;

b) Entering final judgment against Defendants for monetary damages, including but not limited to all amounts necessary to compensate Plaintiff for Defendants' wrongful conduct;

c) Awarding Plaintiff to recover the full costs of this action, including its attorneys' fees and costs; and

d) Such and other relief as the Court deems appropriate.

**<u>COUNT SIX</u>**
**FRAUD**
**Plaintiff v. All Defendants**

81. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

82. Defendants made false representations of material facts and deliberately concealed material facts in connection with their conduct embodying the fraudulent scheme as described in detail above, including but not limited to misrepresenting that the product(s) they were selling to third parties was or were not infringing material(s).

83. Defendants' misrepresentations and/or concealment of material facts were made intentionally or recklessly for the purpose of, *inter alia*: (i) infringing on Plaintiff's EIC Trademarks to which they had no lawful entitlement, and (ii) preventing others from associating with Plaintiff.

84. Upon information and belief, Defendants' false statements caused potential customers and others from associating with Plaintiff by relying on Defendants' statements.

85. Under the circumstances and for those who had no direct or personal knowledge of Plaintiff or Defendants, relying on the false statements was justifiable.

86. As a direct and proximate cause of Defendants' misrepresentations,

omissions, and/or concealment of material facts, Plaintiff has incurred extensive damage, including but not limited to loss of goodwill, damage to reputation, needlessly incurred substantial legal costs, impaired management time and focus, jeopardized relationships with current and prospective customers, and the infliction of emotional and psychological distress upon Plaintiff's officers, directors, employees and family members.

87. Because Defendants' conduct was knowing, intentional, willful, wanton and reckless, Plaintiff is entitled to an award of punitive damages and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for an Order:

a) Determining that Defendants' conduct was willful and intentional;

b) Entering final judgment against Defendants for monetary damages, including but not limited to all amounts necessary to compensate Plaintiff for Defendants' wrongful conduct;

c) Awarding Plaintiff to recover the full costs of this action, including its attorneys' fees and costs; and

d) Such and other relief as the Court deems appropriate.

Date: August 14, 2015

**Fogel Law Firm, LLC.**

By: /s/ Roman Fogel, Esq.

Roman Fogel, Esq.
19 Wordsworth Drive
Ivyland, PA 18974
Tel: 215-609-5251
Roman@fogelllc.com

*Attorney for Plaintiff*

**Law Offices of Jason Rabinovich, PLLC.**

By:___/s/ Jason Rabinovich, Esq.________
Jason Rabinovich, Esq.
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel: (267) 423-4130
Fax: (610) 862-3764
JasonRabinovich@jasonrabinovichlaw.com

*Attorney for Plaintiff*