UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EAT IT CORP.,

                Plaintiff,

    -against-

KEUMKANG B & F CO., LTD.,
KO BEVERAGE INC., JAYONE FOODS, INC.,
and HAN PUYUNG SIK,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER ADOPTING REPORT & RECOMMENDATION**
**15-CV-04763 (DLI) (PK)**

**DORA L. IRIZARRY, Chief United States District Judge:**

    Plaintiff Eat It Corp. ("Plaintiff") initiated this action against defendants Keumkang B & F Co., Ltd. ("Keumkang"), KO Beverage Inc. ("KO"), Jayone Foods, Inc. ("Jayone"), and Han Puyung Sik ("Han") (collectively, "Defendants") asserting trademark infringement and unfair competition claims under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and 28 U.S.C. §1338(b) and for state law claims of tortious interference with existing and prospective business relationships, breach of contract, injury to business reputation, and fraud. (*See generally* Complaint ("Compl."), Dkt. Entry No. 1.)

    Pursuant to Rule 12 of the Federal Rules of Civil Procedure, appearing defendants, Keumkang, Jayone, and Han[1] (collectively, "Moving Defendants"), moved to dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim for relief. (*See* Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem."), Dkt. Entry No. 14.) Plaintiff opposed. (*See* Pl.'s Resp. in Opp'n to Mot. to Dismiss ("Pl.'s Resp."), Dkt. Entry No. 19.) Defendant Ko did not

---

[1] Moving Defendants state that Han's correct name is Puyung Sik Han.

appear in this action and on October 2, 2015, the Clerk of the Court entered a certificate of default against Ko. (Dkt. Entry No. 11.) Plaintiff has not filed a motion for default judgment against Ko.[2]

On November 29, 2016, this Court referred Moving Defendants' motion to dismiss to the Hon. Peggy Kuo, U.S.M.J., for a Report & Recommendation ("R & R"). On February 28, 2017, Magistrate Judge Kuo issued a thorough and well reasoned R & R recommending that the Court grant in part and deny in part Moving Defendants' motion to dismiss. (*See generally* R & R, Dkt. Entry No. 24.) The magistrate judge recommended dismissal, without prejudice, of Plaintiff's claims for tortious interference, breach of contract, injury to business reputation, and fraud, and the denial of Moving Defendants' motion to dismiss Plaintiff's trademark infringement and unfair competition claims. (*Id.*) On March 13 and March 14, 2017, Plaintiff and Moving Defendants, respectively, timely objected to the R & R. (*See* Pl.'s Objs. to R & R ("Pl.'s Objs."), Dkt. Entry No. 26, Defs.' Objs. to R & R ("Defs.' Objs."), Dkt Entry No. 27.) On March 27, 2017, the parties filed their oppositions. (*See* Pl.'s Opposition ("Pl.'s Opp."), Dkt Entry No. 29, Defs.' Opposition ("Defs.' Opp."), Dkt. Entry No. 28.)

For the reasons set forth below, the parties' objections are overruled and the R & R is adopted in its entirety.

## DISCUSSION[3]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Under the standard articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the

---

[2] As more than 18 months have elapsed since the Clerk's Certificate of Default was entered, and Plaintiff inexplicably has failed to move for entry of default judgment, this action is dismissed as to defendant KO.

[3] The Court assumes the parties' familiarity with the facts as outlined in the R & R. *See* R & R at 1-3.

2

Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) (explaining that to allow "a rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal") (internal citations and quotation marks omitted). However, the Second Circuit has suggested recently that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Moving Defendants challenge the magistrate judge's finding that the Court has personal jurisdiction over Jayone. (Defs.' Objs. at 2-3.) The magistrate judge found that, at the motion to dismiss stage, "Plaintiff's allegation that Jayone is a New York corporation" was "sufficient to subject Jayone to the jurisdiction of New York courts." (R & R at 4.) Moving Defendants contend that the magistrate judge's finding is erroneous because a "simple online search of public records" demonstrates that Jayone is not a New York corporation, but a California corporation. (Defs.' Objs. at 2-3.) Additionally, they assert that the magistrate judge disregarded the unsworn

3

"declaration of Jayone's founder and Chief Executive, Seung H. Lee" ("Lee"), who stated that "the company is indeed a California corporation." (*Id.*) As an initial matter, Moving Defendants' request that the Court search online records to determine Jayone's state of incorporation is improper and nonetheless presents a new argument. Before the magistrate judge, Moving Defendants only relied on Lee's declaration to assert that "Jayone is a California company." (Defs.' Mem. at 6.) As such, this new argument "cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed [an] objection[] at all." *Hill v. Miller*, 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016) (internal citation and quotation marks omitted); *Yao Wu v. BDK DSD*, 2015 WL 5664534, at *1 (E.D.N.Y. Sept. 22, 2015) (refusing to consider "facts and arguments [that] were not raised before" the magistrate judge). Accordingly, Moving Defendants' argument "is not properly before the Court," *DeMarco v. Hartford Life & Acc. Ins. Co.*, 2014 WL 3490481, at *1 (E.D.N.Y. July 11, 2014), and the Court declines to consider it.

With respect to Moving Defendants' contention that the magistrate judge disregarded Lee's declaration, Moving Defendants misconstrue the R & R. The magistrate judge noted that, in "support of their contention, Defendants submit only an unsworn declaration[,]" but, citing Second Circuit precedent, concluded that "on a motion to dismiss, Plaintiff's allegations of jurisdictional facts are taken as true." (R & R at 4 citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996)). Thus, the magistrate judge did not ignore Lee's declaration, but found "Plaintiff's allegation . . . sufficient to submit" Jayone to personal jurisdiction in New York. (R & R at 4.)

Although Moving Defendants only assert that the magistrate judge ignored Lee's declaration, upon reviewing this portion of the R & R *de novo* the Court agrees with the magistrate judge's finding. At the motion to dismiss stage and prior to discovery, as is the case here, "a

4

plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Metro. Life Ins. Co.*, 84 F.3d 560, 566 (2d Cir. 1996). "If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal citation and quotation marks omitted). Since the Court must resolve factual disputes in Plaintiff's favor, Moving Defendants' conclusory statement that Jayone is a California corporation, without more, does not merit a different result from that reached by the magistrate judge. *See Hwang v. Grace Rd. Church (in N.Y.)*, 2016 WL 1060247, at *3 (E.D.N.Y. Mar. 14, 2016) ("The court must construe the pleadings and affidavits in the light most favorable to plaintiff, and all doubts must be resolved in [its] favor.").

Moving Defendants further object to the magistrate judge's conclusion that Keumkang and Han, Keumkang's director, principle owner, and agent, are subject to personal jurisdiction under New York's long-arm statute because they transacted business in New York. (R & R at 4-5; Defs.' Objs. at 3-4.) Before the magistrate judge, Moving Defendants argued that the Court lacked personal jurisdiction over Han and Keumkang for three reasons. First, Moving Defendants asserted that a February 2010 business meeting between Plaintiff and Han "was not meaningful enough to support CPLR § 302(a)(1) jurisdiction." (Defs.' Mem. 7-8.) Next, they contended that their passive websites were insufficient to confer personal jurisdiction under the CPLR. (*Id.* at 8.) Finally, Moving Defendants argued that, because Plaintiff did not suffer an injury in New York, the Court lacked jurisdiction under CPLR § 302(a)(2). (*Id.* at 9.) The magistrate judge rejected these arguments and found that jurisdiction was proper because "the factual allegations regarding the ongoing contractual relationship [among the parties], the shipment of goods to New York, and the business meeting in New York [were] sufficient to find that Keumkang transacted business in

5

New York." (R & R at 5.) The magistrate judge did not consider Moving Defendants' argument that their websites did not confer jurisdiction because the Complaint did "not allege jurisdiction on the basis of the websites[.]" (*Id.* at n. 3.)

Moving Defendants contend, for the first time in their objections, that the magistrate judge's personal jurisdiction finding is erroneous because New York's long-arm statute does not permit a court to exercise personal jurisdiction over a defendant whose infringing activities are alleged to have occurred after the parties contractual relationship terminated. (Defs.' Objs. at 3-5.) Specifically, Moving Defendants assert that, here, the "infringing activities are alleged to have occurred sometime after October 2012 – two and one-half years after the parties terminated their contractual relationship." (*Id.*) To support this new argument, Moving Defendants rely on *Dimensional Media Assocs., Inc. v. Optical Prod. Dev. Corp.*, 42 F. Supp.2d 312, 318 (S.D.N.Y. 1999). In that case, the court held that, "[a plaintiff] cannot merely rely on the parties' prior contractual relationship to assert that this Court has personal jurisdiction over [a defendant] for its patent infringement or other claims." *Id.*

The Court will not consider Moving Defendants' assertion because it is a new argument and not a proper objection to the R & R. *See Hill*, 2016 WL 7410715, at *1. Moreover, while *Dimensional Media* is not binding on this Court, Moving Defendants never presented it to the magistrate judge. Accordingly, the Court declines to consider it and the accompanying new argument. *See Allen v. United Parcel Serv., Inc.*, 988 F. Supp.2d 293, 299 (E.D.N.Y. 2013) ("[Plaintiff] did not present this argument or case law to [the magistrate judge], so this Court need not consider it.").

Moving Defendants' final objection is to the magistrate judge's conclusion that Plaintiff's claims for trademark infringement and unfair competition under the Lanham Act survive the

6

dismissal motion. (Defs.' Objs. at 5-6.) In order to prevail on a trademark infringement claim, "a plaintiff must demonstrate that it has a valid mark entitled to protection and that the defendant's use of it is likely to cause confusion." *Time, Inc. v. Petersen Pub. Co. L.L.C.*, 173 F.3d 113, 117 (2d Cir. 1999) (internal citation and quotation marks omitted). An unfair competition claim requires the plaintiff to "demonstrate (1) that it has a valid trademark entitled to protection under the Act, and (2) defendant's actions are likely to cause confusion." *Bubble Genius LLC v. Smith*, 2017 WL 888251, at *9 (E.D.N.Y. Mar. 6, 2017) (internal citation and quotation marks omitted). Moving Defendants assert that the magistrate judge erroneously "'accept[ed] as true' plaintiff's allegations of ownership of three federally registered marks" because the "PTO records show that plaintiff does not own the trademarks, insofar as in February 2011, plaintiff assigned the trademarks and recorded the assignment." (Defs.' Objs. at 5-6.) They thus contend that "plaintiff has no rights and standing to sue defendants for any alleged infringement or unfair competition." (*Id.* at 6.)

Moving Defendants' objection is a restatement of the identical argument presented to and considered by the magistrate judge. Accordingly, the Court reviews this finding for clear error. Before the magistrate judge, Moving Defendants argued that, "[Plaintiff does] not own the trademarks" because in "February 2011, Eat It assigned the trademarks and recorded the assignment with the USPTO." (Defs.' Mem. at 12.) The magistrate judge stated that, "Defendants argue that Plaintiff does not, in fact, own the marks," but rejected their argument because "the Court accepts as true the facts in the Complaint for purposes of a motion to dismiss." (R & R at 7.) Upon reviewing this portion of the R & R for clear error, the Court finds none.

Even if the Court reviewed this finding *de novo*, it would reach the same result as the magistrate judge. Here, Moving Defendants contend that the trademark assignment documents on

7

file with the Patent and Trademark Office show that on February 8, 2011, Plaintiff assigned its rights to the three trademarks to an individual named "John Ra." (Defs.' Mem. at 12; Dkt. Entry No. 15-1; Defs.' Objs. at 5-6.) In response, Plaintiff asserts that on August 6, 2015, John Ra reassigned the trademark rights to it through a "Trademark Rights Assignment" agreement. (Pl.'s Resp. at 3, 11; Pl.'s Opp. at 3; Exhibit C to Dkt. Entry No. 19-1.) This disagreement presents a factual dispute that is "inappropriate for resolution on a motion to dismiss, where allegations are taken as true and read in a light most favorable to plaintiff[]." *Burns v. Delaware Charter Guarantee & Trust Co.*, 805 F. Supp.2d 12, 23-24 (S.D.N.Y. 2011); *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 679 F. Supp.2d 312, 326 (E.D.N.Y. 2010) ("The argument regarding the registration of the mark or the assignment of the mark . . . under the motion to dismiss standard are not a basis for not allowing these claims to go forward, at least to the summary judgment stage."). Accordingly, Moving Defendants' objection is overruled and, on a *de novo* review, the Court reaches the same conclusion as the magistrate judge and accepts as true Plaintiff's allegations that it owns the trademarks.

Turning to Plaintiff's sole objection to the magistrate judge's findings, Plaintiff contends that the magistrate judge "erred in not addressing Plaintiff's request . . . for leave to allow Plaintiff to amend its Complaint to add specificity to its pleading." (Pl.'s Objs. at 1-2.) Plaintiff made this request in the concluding paragraph of its opposition to Moving Defendants' motion where it stated, "In the alternative, Plaintiff respectfully requests this Court allow Plaintiff to amend its Complaint in accordance with this Court's Order." (Pl.'s Resp. at 14.) In reaching her determination that only two of Plaintiff's six claims survived dismissal, the magistrate judge recommended that "Plaintiff's third, fourth, fifth, and sixth claims in the Complaint be dismissed without prejudice." (R & R at 2.) Now, Plaintiff argues, for the first time in its objections, that

8

"the Court should affirmatively grant the Plaintiff leave to replead, or in the least should make clear that nothing in the R & R precludes the Plaintiff from formally moving under Rule 15(a) for leave to amend its pleading." (Pl.'s Objs. at 4-5.) Notably, Plaintiff did not attach a proposed amended complaint to its objections to the R & R. Plaintiff's objection is improper and misconstrues the R & R.

Plaintiff's request that the Court clarify that the R & R does not preclude it from moving for leave to amend is an improper objection because it does not identify a portion of the R & R that Plaintiff believes is erroneous. *See Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp.2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R & R that the objector asserts are erroneous and provides a basis for this assertion."). Here, the magistrate judge recommended dismissal of Plaintiff's four claims "without prejudice." "The Second Circuit has rejected the view that 'without prejudice' means 'with leave to amend.'" *Marcucci v. N.Y. Dist. Council of Carpenters Welfare Fund*, 2001 WL 1622213, at *2 (S.D.N.Y. Dec. 17, 2001) (quoting *See Elfenbein v. Gulf & Western Industries, Inc.,* 590 F.2d 445, 448 (2d Cir.1978)). However, a dismissal "without prejudice" does not prevent Plaintiff from moving under Federal Rule of Civil Procedure 15 for leave to amend its deficient complaint. *See Amar v. Hillcrest Jewish Ctr.*, 2009 WL 891795, at *8 (E.D.N.Y. Mar. 31, 2009) (dismissing claims "without prejudice in order to accord Plaintiff the opportunity to seek leave of this Court to move to amend his complaint pursuant to Fed. R. Civ. P 15(a)(2).").

Similarly, Plaintiff's request that that the Court "affirmatively grant" it leave to amend also is an improper objection and will not be considered by the Court because it is a new argument improperly seeking new relief, *i.e.*, leave to amend the complaint. *See Ortiz v. Barkley*, 558 F. Supp.2d 444, 451 (S.D.N.Y. 2008) (noting that courts "generally should not entertain new grounds

9

for relief or additional legal arguments not presented to the magistrate"). Before the magistrate judge, Plaintiff made a conclusory and passing request to amend. "[N]umerous courts have held that a 'bare request to amend a pleading' contained in a brief, which does not also attach the proposed amended pleading, is improper under Fed. R. Civ. P. 15." *Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc.*, 2014 WL 5822628, at *5 (E.D.N.Y. Nov. 6, 2014); *see also Love v. Premier Util. Servs., LLC*, 186 F. Supp.3d 248, 257 (E.D.N.Y. 2016). While "Plaintiff acknowledges that some courts have required a proposed amended pleading," Plaintiff did not submit a proposed amended complaint with its opposition papers or with its objections and did not explain how it would cure the deficiencies in the Complaint. (Pl.'s Objs. at 3.) Instead, Plaintiff makes the conclusory assertion that "it is prepared to address in an amended pleading" the "lack of detail" identified in the R & R. (*Id.* at 4.) Accordingly, the magistrate judge was not required to consider Plaintiff's improper request and this Court will not consider it now. *Akran v. United States*, 997 F. Supp.2d 197, 207 (E.D.N.Y.), *aff'd*, 581 F. App'x 46 (2d Cir. 2014) ("It is well-settled that when seeking leave to amend, the movant must submit "a complete copy of the proposed amended complaint . . . so that both the Court and the opposing party can understand the exact changes sought.") (internal citation and quotation marks omitted).

As the R & R does not preclude Plaintiff from moving for leave to amend, if Plaintiff wishes to file an Amended Complaint, it must move for leave to do so on or before May 1, 2017. The motion for leave to file an Amended Complaint must include the proposed Amended Complaint.

## **CONCLUSION**

Upon reviewing for clear error the remainder of the R & R to which neither party objects properly and finding none, the R & R is adopted in its entirety. *See Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (Summary Order) ("The district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety."). Accordingly, Moving Defendants' motion to dismiss is granted in part and denied in part. As the R & R does not preclude Plaintiff from moving for leave to amend, if Plaintiff wishes to file an Amended Complaint, it must move for leave to do so on or before May 1, 2017. The motion for leave to file an Amended Complaint must include the proposed Amended Complaint. This action is dismissed as to defendant KO based on Plaintiff's failure to prosecute this case against it. The Clerk of the Court is directed to note the termination of this party on the docket.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2017

/s/
DORA L. IRIZARRY
Chief Judge